IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| AMY L. AUSMUS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| CAVALRY PORTFOLIO ) | |
| SERVICES, LLC, CALVARY ) | |
| SPV I, LLC, KRISTINA D. PAGNI, and ) | Jury Trial Demanded |
| GARNER & CONNER, P.L.L.C, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

**PARTIES**

4. Plaintiff Amy L. Ausmus (hereinafter "Plaintiff") is a natural person who resides in Hamblen County, Tennessee, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Cavalry Portfolio Services, LLC (hereinafter "Defendant Cavalry Portfolio") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a for-profit limited liability company organized in Delaware that maintains CT Corporation System, 800 S. Gay St., Suite 2021, 37929-9710 as its registered agent for service of process.

6. Defendant Cavalry SPV I, LLC (hereinafter "Defendant Cavalry SPV") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a for-profit limited liability company organized in Colorado that maintains CT Corporation System, 800 S. Gay St., Suite 2021, 37929-9710 as its registered agent for service of process.

7. Defendant Cavalry SPV is engaged in the business of purchasing charged-off consumer debts and attempting to collect them from consumers.

8. Defendant Cavalry SPV pays less than five (5) cents on the dollar for the debts it purchases.

9. Defendant Kristina D. Pagni (hereinafter "Defendant Pagni") is a natural person who is employed by Defendant Cavalry Portfolio as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and may be served at her business address of 7 Skyline Drive, Hawthorne, NY 10532-2156 or her home address.

10. Defendant Garner & Conner, PLLC (hereinafter "Defendant Garner") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a for-profit professional limited liability company organized in Tennessee that maintains J. Michael Garner, PO Box 5059, Maryville, TN 37802-5059 as its registered agent for service of process.

## FACTUAL ALLEGATIONS

11. Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore

2

Case 2:11-cv-00188-JRG-DHI   Document 1   Filed 06/24/11   Page 2 of 17   PageID #: 2

a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, the deficiency balance on a vehicle loan.

12. Sometime prior to June 25, 2010, Plaintiff's debt was sold or otherwise transferred to Defendants for collection from Plaintiff, when thereafter Plaintiff received collection communications and was subjected to collection acts from Defendants, all in an attempt to collect this debt.

*June 25, 2010 Collection Letter*

13. Within one year prior to the filing of this Complaint, Defendant Garner sent Plaintiff a collection letter dated June 25, 2010. A copy of this collection letter is filed as Exhibit 1 to this Complaint.

14. The June 25, 2010 collection letter was a communication as defined by 15 U.S.C. § 1692a(2), and was sent in connection with collection of the debt and in an attempt to collect the debt.

15. The June 25, 2010 collection letter was the initial demand letter by Defendant Garner.

16. The June 25, 2010 collection letter stated that:

> Defendant Garner had "<u>been retained by Cavalry Portfolio Services LLC to collect $5,392.38. In addition to this amount, there may be attorney's fees if allowed by contract or statute.</u> Because interest, late fees, and other contractual charges may vary from day to day, the amount due may have increased since the date of this letter. Please contact my office for the total amount due and remit payment directly to my office at the above address."
> (emphasis added)

17. By stating that they had been hired to collect $5,392.38 from Plaintiff and that Plaintiff may owe more than that amount for attorney's fees, Defendant Garner falsely represented the amount and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A), and the false representation of the character, amount or legal status of the debt is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and is an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f and the collection of any amount not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. § 1692f(1).

18. By stating that they had been hired to collect $5,392.38 from Plaintiff and that Plaintiff may owe more than that amount for attorney's fees, Defendant Garner failed to state the amount of the debt as required by 15 U.S.C. § 1692g(a)(1).

19. Within five days after the "initial communication" with Plaintiff in connection with collection of the debt in the form of the June 25, 2010 letter, and within one year prior to the filing of the original complaint, Defendant Garner failed to send Plaintiff a written notice that disclosed the amount of the debt as required by 15 U.S.C. § 1692g(a)(1).

20. By failing to send Plaintiff a written notice containing the amount of the debt within five days after the "initial communication", Defendant Garner violated 15 U.S.C. § 1692g(a)(1).

21. On or about January 28, 2011, a state court collection lawsuit, which included a Civil Warrant and sworn Affidavit, was caused to be filed and served by Defendants against Plaintiff and on behalf of Defendants Cavalry Portfolio and/or Defendant Cavalry SPV in

the General Sessions Court of Jefferson County, Tennessee. A copy of the state court collection lawsuit is filed as collective Exhibit 2 to this Complaint.

22. In the Affidavit, Defendant Pagni swore under oath that the owner of the alleged debt is Defendant Cavalry SPV. See, Exhibit 2, p. 2, ¶ 5.

23. The June 25, 2010 collection letter stated that the creditor for the debt was Defendant Cavalry Portfolio.

24. The June 25, 2010 collection letter failed to state the name of the creditor to whom the debt is owed, as required by 15 U.S.C. § 1692g(a)(2).

25. Within five days after the "initial communication" with Plaintiff in connection with collection of the debt in the form of the June 25, 2010 letter, and within one year prior to the filing of the original complaint, Defendant Garner failed to send Plaintiff a written notice that provided the name of the creditor to whom the debt is owed, as required by 15 U.S.C. § 1692g(a)(2).

26. By failing to send Plaintiff a written notice containing the name of the creditor to whom the debt is owed within five days after the "initial communication", Defendant Garner violated 15 U.S.C. § 1692g(a)(1).

### *Use of False, Deceptive and Misleading Warrant to Collect Debt*

27. The Civil Warrant was a "communication" as defined by 15 U.S.C. § 1692a(2) in connection with collection of the debt and in an attempt to collect the debt.

28. The Civil Warrant stated that Plaintiff owed Defendant Cavalry Portfolio for the debt.

29. As stated in the Affidavit, the debt was not owned by Defendant Cavalry Portfolio at the time the state court collection lawsuit was filed, but was owned by Defendant Cavalry SPV.

30. The filing of the state court collection lawsuit against Plaintiff in the name of Defendant Cavalry Portfolio when all the Defendants knew that the true owner of the debt was Defendant Cavalry SPV was a false representation of the character or legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A), the threat to take any action that cannot legally be taken in violation of 15 U.S.C. § 1692e(5), and a communication to the General Sessions Court and the Plaintiff credit information which is known or which should be known to be false in violation of 15 U.S.C. § 1692e(8), and the false representation of the character or legal status of the debt, the threat to take any action that cannot legally be taken, and the communication to the General Sessions Court and the Plaintiff credit information which is known or which should be known to be false, is the use of a false, misleading and deceptive representations or means to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

31. The Civil Warrant stated that the lawsuit was being filed because Plaintiff owed Defendant Cavalry Portfolio for "<u>payment not received in the amount of **$2,778.55** together with interest and attorney's fees</u>, if applicable, as evidenced by the Sworn Account or Affidavit attached hereto and the costs of this action less any payments received <u>plus expenses as they continue to accrue</u>." (emphasis added)

32. The statement by the Defendants in the Civil Warrant that Plaintiff owed "$2,778.55 together with interest and attorney's fees" falsely represented or would be confusing and misleading to the least sophisticated consumer as to the amount of debt owed, especially in light of the earlier communications from Defendant Garner stating that a much greater amount was owed by Plaintiff, in violation of 15 U.S.C. § 1692e(2)(A), and a false

representation of the character, amount, or legal status of the debt is the use of a false, misleading and deceptive representation or means to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and is an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

33. The statement by the Defendants in the Civil Warrant that Plaintiff would be responsible for "expenses as they continue to accrue", Defendants falsely represented that Plaintiff would be responsible for paying additional expenses not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. 1692e(2)(A), and the false representation of the character, amount or legal status of the debt is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and is an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f, and the collection of any amount not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. § 1692f(1).

*Use of False, Deceptive and Misleading Affidavit to Collect Debt*

34. The Affidavit was a "communication" as defined by 15 U.S.C. § 1692a(2) in connection with collection of the debt. See Exhibit 2, p. 2.

35. An affidavit filed in support of a civil warrant on a sworn account is filed to attest to the correctness of the amount allegedly owed on the account. Tenn. Code Ann. § 24-5-107(a).

36. The Affidavit filed in the state court collection lawsuit in connection with the collection of the debt and in an attempt to collect the debt was signed under penalty of perjury by Defendant Pagni.

37. Defendant Pagni, who authored the Affidavit, swore under penalty of perjury that:

   (a) "I am acting in the capacity of Legal Administrator for my employer Cavalry Portfolio Services, LLC, a Delaware limited liability company. Cavalry Portfolio Services, LLC performs recovery services for its affiliate, Cavalry SPV I, LLC. "In performing recovery services for Cavalry SPV I, LLC I am familiar with and have access to the books and records of Cavalry SPV I, LLC and of Cavalry Portfolio Services, LLC";

   (b) "As of 7/6/2010, the balance due and owing by the account holder(s) on the account as of the date hereof is $5415.21, which balance is compromised of $2778.55 of principal balance and $2636.66 of accumulated interest +$0 of costs +$0 of other charges. The principal balance continues to accrue interest as of the date hereof at a rate of 24.99%. The account holder(s) have been credited for all payments, set-offs or other credits due";

   (c) "That the Account was purchased by Cavalry SPV I, LLC on 11/30/2009 and the servicing and collection rights for the account were assigned by Cavalry SPV I, LCC to Cavalry Portfolio Services, LLC";

   (d) "In the normal course of business, Cavalry Portfolio Services, LLC maintains computerized account records for account holders. Cavalry Portfolio Services, LLC maintains such records in the ordinary and routine course of business and is charged with the duty to accurately record any business act, condition or event onto the computer record maintained for the accounts, with the entries made at or very near the time of any such occurrence. I have reviewed the applicable computer record as it relates to the Account, and I make this Affidavit based upon

information from that review, and If called as a witness, I could testify to the following based on that review";

(e) "GMAC compiles records related to its account holders in electronic format. Subsequent to the purchase of the account, GMAC transferred copies of its electronic business records to Cavalry SPV I, LLC, which records were loaded into the computer system of Cavalry Portfolio Services, LLC and which are maintained in an electronic format"; and

(f) "That the attached statement of account with respect to the Account of AMY L AUSMUS is just, true and correct according to the books and records, that the documents attached to the complaint are true and correct copies of the original and if called as a witness at trial, I can testify as to its contents".

38. There were no documents attached to the Civil Warrant or Affidavit.

39. Defendant Pagni did not review any records of the originator of this debt prior to signing the Affidavit.

40. Defendant Pagni did not have access to any of the records of the originator of this debt prior to signing the Affidavit.

41. The only records held by Defendant Cavalry Portfolio at the time Defendant Pagni signed the Affidavit were computer records which contained very limited information about Plaintiff's debt.

42. The only records that Defendant Pagni reviewed prior to signing the Affidavit were the computer records of Defendant Cavalry Portfolio.

43. Without any records of the originator of the debt available for her review to determine if there was a contract signed by Plaintiff and, if so, whether the amount of the debt as to

9

principal, interest, late fees or other fees she alleged was owed by Plaintiff in the Affidavit was correct as required by Tennessee state law for a sworn account, it was impossible for Defendant Pagni to truthfully make a sworn affidavit as to the correctness of the amount owed, if any, by Plaintiff. See, *Foster v. Scott County*, 65 S.W. 22 (Tenn., 1901) ("The statute is plain that the correctness of the account must be sworn to by the plaintiff. It does not say nor imply that the oath may be made by a bookkeeper or salesman or agent of any kind. If the plaintiff cannot, for want of proper information, make the oath himself, then he does not bring himself within the provisions of the act, and is not entitled to its benefit, but must prove his account as in other cases. We cannot extend or enlarge the terms of the statute to let in the sworn ex parte statement of a third person, no matter what may be his means or the extent of his information, nor how much such a holding may be desirable." *Id* at 23.)

44. Form affidavits, such as the one filed in the state court lawsuit against Plaintiff, are generated automatically by a computer owned by Defendant Cavalry Portfolio upon request and are routinely provided to Defendant Pagni and other employees of Defendant Cavalry Portfolio who signs numerous affidavits each day without the information or ability to make a sworn affidavit as to the correctness of the amount owed, if any, by Plaintiff, within the requirements of Tennessee state law.

45. These form affidavits are attached to and filed with the Civil Warrant by Defendant Garner.

46. The intentional use by Defendants of the form affidavits when their use is clearly in violation of the state law requirements for sworn accounts is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect

or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and is an unfair means to collect or attempt to collect the debt in violation of 15 U.S.C. § 1692f.

47. The statements in Defendant Pagni's Affidavit, including, but not limited to:

> "In the normal course of business, Cavalry Portfolio Services, LLC maintains computerized account records for account holders. Cavalry Portfolio Services, LLC maintains such records in the ordinary and routine course of business and is charged with the duty to accurately record any business act, condition or event onto the computer record maintained for the accounts, with the entries made at or very near the time of any such occurrence"

is the regurgitation by Defendants of language from the Tennessee Rules of Evidence, Rules 803(6) and 902(11), in an intentional attempt to mislead the General Sessions Court and Plaintiff into believing that Defendant Pagni was someone who had personal knowledge of the amount of debt allegedly owed by Plaintiff, when it was not possible for her to have such personal knowledge, and that this evidence should be admitted under the "Business Records" exception to the introduction of heresay evidence.

48. Defendants filed the state court collection lawsuit against Plaintiff in an attempt to collect the debt by intentionally using a false, deceptive and misleading Affidavit as the only evidentiary basis to support its claims.

49. The attestations made by Defendant Pagni in the Affidavit regarding the debt, including, but not limited to the amount of the debt owed by Plaintiff, were false, deceptive and misleading misrepresentations made without the information or ability to make a sworn affidavit as to the correctness of the amount owed, if any, by Plaintiff, as required by

Tennessee law, in violation of 15 U.S.C. § 1692e(2)(A), and the false representation of the character, amount or legal status of the debt is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and is an unfair means to collect or attempt to collect the debt in violation of 15 U.S.C. § 1692f.

50. Defendants Cavalry Portfolio, Cavalry SPV and Garner intentionally use virtually identical form affidavits in these lawsuits, alleging facts that are not in possession of Defendants Cavalry Portfolio and Cavalry SPV and to which its officers, employees and/or agents are not qualified to sign under oath due to their lack of proper information.

51. Defendants Cavalry Portfolio, Cavalry SPV and Garner engage in a pattern and practice of filing the state court collection lawsuits against consumers knowingly using false, deceptive, and misleading affidavits signed by persons without the information or ability to make a sworn affidavit as to the correctness of the amount owed, as required under Tennessee state law for sworn accounts.

52. By intentionally filing the state court collection lawsuit against Plaintiff in an attempt to collect the debt, while using the false, deceptive, and misleading Affidavit signed by Defendant Pagni which alleged facts not in her possession and in violation of Tennessee state law, Defendants Cavalry Portfolio, Cavalry SPV and Garner violated 15 U.S.C. § 1692e(5), and the threat to take any action that cannot legally be taken is the use of a false, misleading and deceptive representation or means to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

53. By filing the state court collection lawsuit against Plaintiff in an attempt to collect the debt with the use of an affidavit that contains false, deceptive and misleading

misrepresentations made by individuals who allege facts not in their possession and in violation of Tennessee state law, Defendants use false, deceptive, and misleading representation or means in connection with collection of the debt that would create a false impression in the mind of the least sophisticated consumer that Defendants had the legal right to attempt to collect the debt in the manner in which they attempted to collect it, in violation of 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

### *Filing the Collection Lawsuit in an Improper Venue*

54. Within one year prior to the filing of this Complaint, on or about January 28, 2011, the state court collection lawsuit was filed against Plaintiff by Defendants in the General Sessions Court of Jefferson County, Tennessee.

55. At the commencement of the state court collection lawsuit, the Plaintiff resided in Hamblen County, Tennessee and the address listed for Plaintiff on the Civil Warrant by Defendant was a Hamblen County, Tennessee address.

56. The contract on which the alleged debt sued upon by Defendant in Jefferson County, Tennessee was not signed by Plaintiff in that county.

57. The filing of the state court collection lawsuit in Jefferson County, Tennessee by Defendant was a violation of 15 U.S.C. § 1692i(a)(2).

### *Filing Civil Warrant on Time-Barred Debt*

58. The debt alleged to be owed by Plaintiff went into default in November 2005.

59. The statute of limitations for the filing of a lawsuit in an attempt to collect the alleged debt expired no later than November 30, 2009.

60. The filing of the lawsuit in an attempt to collect the alleged debt was filed in January 2011.

61. The Defendants knew or should have known that the statute of limitations for collection of the alleged debt had expired and/or Defendants willfully or negligently failed to make a reasonable investigation as to the date when the alleged debt went into default.

62. By filing the lawsuit on a time-barred debt, without having first determined after a reasonable inquiry that the limitations period had not expired, violated 15 U.S.C. §§ 1692e and 1692f.

63. This communication by Defendants was a collection communication in violation of numerous and multiple provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692(e)(5), 1692e(10), and 1692(f), amongst others.

### *Summary*

64. The above-detailed conduct by Defendants in connection with collection of the debt, including, but not limited to the above-cited provisions of the FDCPA.

### *Respondeat Superior Liability*

65. In addition to their individual liability under the FDCPA, the acts and omissions of Defendant Garner, Defendant Pagni and the other debt collectors employed as agents by Defendants Cavalry Portfolio and who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Cavalry Portfolio.

66. The acts and omissions by Defendant Garner, Defendant Pagni and the other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Cavalry Portfolio in collecting consumer debts.

67. By committing these acts and omissions against Plaintiff, Defendant Garner, Defendant Pagni and the other debt collectors were motivated to benefit their principal, Defendant Cavalry Portfolio.

68. Defendant Cavalry Portfolio is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by its collection employees including, but not limited to violations of the FDCPA, in their attempts to collect this alleged debt from Plaintiff.

## TRIAL BY JURY

69. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 *et seq.*

70. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

71. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, with respect to Plaintiff.

72. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. §

1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

06/24/11                                  Respectfully submitted,

                                          AMY L. AUSMUS

                                          _____
                                          Alan C. Lee, Esq., BPR # 012700
                                          Attorney for Plaintiff
                                          P. O. Box 1357
                                          Talbott, TN 37877-1357
                                          (423) 736-0201
                                          info@alanlee.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF TENNESSEE )
COUNTY OF HAMBLEN )

Plaintiff Amy L. Ausmus, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Date: 6-24-11    By: _____
                     Amy L. Ausmus

Subscribed and sworn to before me this 24 day of June, 2011.

_____
Notary Public  Linda Wilder
My Commission Expires: 8-31-14

17